<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD HONE, <br><br> Plaintiff, <br><br> v. <br><br> CATHIE GRINNELL LYNN, et al., <br><br> Defendants. | Civil Action No. 23-20383 (GC) (RLS) <br><br> **MEMORANDUM ORDER** |

<u>**CASTNER, District Judge**</u>

This matter comes before the Court upon pro se Plaintiff Richard Hone's Application to Proceed *In Forma Pauperis* together with Plaintiff's Complaint against Defendants Cathie Grinnell Lynn (a/k/a Catherine Lynn), a Florida resident; John Lynn, a Florida resident; Neven Tadros, a New Jersey resident; Home Sweet Home NT LLC, a New Jersey company; JCL's Creative Concepts, a Florida company; Thomas Sumners; John Catalano; Jack Sahradnik; and Marina Khrizman.  (ECF Nos. 1, 1-2, 12, 16, 17, 18, 24, 26, 27, 28.)  For the reasons set forth below, and other good cause shown, Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**; however, Plaintiff's Complaint is **DISMISSED**.

**I.     BACKGROUND**

Plaintiff has filed many submissions lodging many accusations against many defendants. Plaintiff's initiating complaint alleges that Cathie Lynn "is refusing to sign a listing agreement," "continues to interfere in [Plaintiff's] custody case," and "continues to conspire with John Lynn to

interfe[r]e in my custody case." (ECF No. 1 at 4.[1])  The Complaint specifies only one cause of action: "intentional infliction of extreme emotional distress." (*Id.*)  Plaintiff seeks an order "compel[ling] the defendants to cease and desist any interference in my custody case" and awarding Plaintiff $10 million in punitive and compensatory damages "for devaluing the property by delaying the sale." (*Id.* at 5.)

After filing the Complaint, Plaintiff sought to add Neven Tadros as a defendant, accusing Tadros of "conspiring with defendants Catherine Lynn and John Lynn . . . consistent with the original claims in this lawsuit"; interfering in the handling of proceeds from the sale of property for the benefit of Plaintiff's daughter; and "inserting herself" into a Florida lawsuit concerning the property sale. (ECF No. 12.)  Another submission reiterates Plaintiff's allegation that Tadros "CONTINUES to conspire" with "Catherine and John Lynn to interfere in [Plaintiff's] custody case." (ECF No. 18 at 1.)

Next, Plaintiff sought to add two entity defendants—Home Sweet Home NT LLC, purportedly a "[N]ew Jersey Corporation" owned by Tadros, and JCL's Creative Concepts, purportedly a Florida corporation owned by Catherine and John Lynn.  (ECF No. 16.)  It appears that Plaintiff seeks to hold the entity defendants liable through the individual defendants' affiliation with them. (*Id.*)

Plaintiff next sought to add defendants Frank Hodgson and Vinny Grasso, who Plaintiff alleges "use the legal system to retaliate against [Plaintiff]" and "tort[i]ously interfere illegally in [Plaintiff's] custody case like the other defendants." (ECF No. 21 at 1-2; ECF No. 21-1.)  On generally the same allegations, Plaintiff also sought to add Thomas Sumners, John Catalano, and

---

[1] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

2

Jack Sahradnik as defendants.  (ECF Nos. 24, 25, 26, 27.)  Finally, Plaintiff sought to add Marina Khrizman, who Plaintiff alleges also "conspired with defendant Tadros to tort[i]ously interfere in [Plaintiff's] custody case."  (ECF No. 28 at 2.)

## II.     LEGAL STANDARD

### A.     *In Forma Pauperis*

To avoid paying the filing fee for a civil case in the United States District of New Jersey, a litigant may apply to proceed *in forma pauperis*.  In considering applications to proceed *in forma pauperis*, the Court engages in a two-step analysis.  *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a).  *Id*.  Under Section 1915(a), a plaintiff's application must "state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty."  *Simon v. Mercer Cnty. Comm. College*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).

Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e).  *Ball v. Famiglio,* 726 F.3d 448, 452 (3d Cir. 2013).  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [('Rule')] 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

### B.     Rule 12(b)(6) – Failure to State a Claim

Although courts construe pro se pleadings less stringently than formal pleadings drafted by attorneys, pro se litigants are still required to "allege sufficient facts in their complaints to support

3

a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

    C.    **Rule 8 – Pleading Requirements**

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), (a)(2), (d). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Even pro se litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisma v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018).

### III.    DISCUSSION

    A.    **Application to Proceed *In Forma Pauperis***

Plaintiff submits that he has very few assets and no regular source of income. It appears that little has changed since the Court granted Plaintiff's prior IFP applications. *See, e.g.*, *Hone v. Shroba*, Civ. No. 21-13427, 2022 WL 494115, at *2 (D.N.J. Feb. 17, 2022). Plaintiff has thus shown sufficient economic disadvantage to proceed IFP. *See DiPietro v. Christie*, Civ. No. 15-1441, 2015 WL 1609042, at *2 (D.N.J. Apr. 10, 2015).

4

### B.     Failure to State a Claim

As with many of Plaintiff's past IFP applications, his complaint does not provide a basis for this Court to exercise subject-matter jurisdiction.

Plaintiff alleges that each defendant is playing a role in interfering with his child custody case. But Plaintiff is aware that this Court lacks subject-matter jurisdiction over the type of case Plaintiff seeks to prosecute. Indeed, the Court advised Plaintiff of this jurisdictional limitation in dismissing several of Plaintiff's prior IFP applications arising from his child custody dispute. *See, e.g.*, *Shroba*, 2022 WL 494115, at *2; *Hone v. Angelini*, Civ. No. 21-15156, 2022 WL 494116, at *2 (D.N.J. Feb. 17, 2022); *Hone v. Tadros*, Civ. No. 21-5970, 2022 WL 494111, at *2 (D.N.J. Feb. 17, 2022); *Hone v. Dawson*, Civ. No. 21-5, 2021 WL 1381040, at *2 (D.N.J. Apr. 12, 2021).

Plaintiff's new action is no different. Once more, "[a]lthough Plaintiff has clothed his complaint in the garb of a civil rights action, the [c]omplaint boils down to a dispute over the custody of his child and the interactions of Plaintiff and Defendant[ ] in that custody process." *Foster v. N.J. Div. of Child Prot. & Permanency*, Civ. No. 17-13572, 2018 WL 6069632, at *2 (D.N.J. Nov. 20, 2018). "Even when a complaint is drafted in tort, contract, or even under the federal constitution, if the complaint involves matters of domestic relations, it is generally not within the federal court's jurisdiction." *Id.* (internal quotation marks omitted); *see New Jersey Div. of Youth & Fam. Servs. v. Prown*, Civ. No. 13-7776, 2014 WL 284457, at *2 (D.N.J. Jan. 24, 2014) ("Federal courts do not have jurisdiction over some domestic relations matters." (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 702-03 (1992))).

The Court also declines to exercise jurisdiction under the *Younger* doctrine of abstention, since it appears from Plaintiff's submissions that proceedings are ongoing in state court. *Foster*, 2018 WL 6069632, at *3 ("In general terms, the *Younger* abstention doctrine reflects 'a strong

federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982))).

IV. **ORDER**

For the reasons set forth above, and other good cause shown,

IT IS on this 28th day of March 2024 **ORDERED** as follows:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1-2) is **GRANTED**.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

3. The Clerk's Office is directed to mail Plaintiff a copy of this Memorandum Order via regular mail and **CLOSE** this case.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**